**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005 | ) <br> ) <br> ) <br> ) <br> ) |
| *Plaintiff,* | ) <br> ) |
| v. | ) <br> ) |
| U.S. DEPARTMENT OF THE TREASURY,<br>1500 Pennsylvania Avenue NW<br>Washington, DC 20220 | ) <br> ) <br> ) <br> ) |
| U.S. DEPARTMENT OF COMMERCE,<br>1401 Constitution Avenue NW<br>Washington, DC 20230 | ) <br> ) <br> ) <br> ) |
| U.S. GENERAL SERVICES,<br>ADMINISTRATION,<br>1800 F Street NW<br>Washington, DC 20405 | ) <br> ) <br> ) <br> ) <br> ) |
| *and* | ) <br> ) |
| U.S. DEPARTMENT OF HOUSING AND<br>URBAN DEVELOPMENT,<br>451 7th Street SW<br>Washington, DC 20410 | ) <br> ) <br> ) <br> ) <br> ) |
| *Defendants.* | ) <br> ) |

Case No. 19-cv-2814

_____

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. Department of the

Treasury, the U.S. Department of Commerce, the General Services Administration, and the U.S.

Department of Housing and Urban Development under the Freedom of Information Act,

5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking

declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1391(e).

4.      Because Defendants have failed to comply with the applicable time-limit

provisions of FOIA, American Oversight is deemed to have exhausted its administrative

remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining

the agency from continuing to withhold agency records and ordering the production of agency

records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3)

organization primarily engaged in disseminating information to the public. American Oversight

is committed to the promotion of transparency in government, the education of the public about

government activities, and ensuring the accountability of government officials. Through research

and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to

educate the public about the activities and operations of the federal government through reports,

published analyses, press releases, and other media. The organization is incorporated under the

laws of the District of Columbia.

6.      Defendant the U.S. Department of the Treasury (Treasury) is a department of the

executive branch of the U.S. government headquartered in Washington, DC, and an agency of

the federal government within the meaning of 5 U.S.C. § 552(f)(1). Treasury has possession, custody, and control of the records that American Oversight seeks.

7.      Defendant U.S. Department of Commerce (Commerce) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Commerce has possession, custody, and control of the records that American Oversight seeks.

8.      Defendant the U.S. General Services Administration (GSA) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. GSA has possession, custody, and control of the records that American Oversight seeks.

9.      Defendant the U.S. Department of Housing and Urban Development (HUD) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HUD has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

### *First Treasury White House Oversight Communications FOIA*

10.      On June 24, 2019, American Oversight submitted a FOIA request to Treasury seeking the following:

> All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, handwritten or electronic summaries of any oral communications, or other materials) between (a) political appointees*[1] in the Department of the Treasury (Treasury) Office of

---

[1] In each of American Oversight's requests "political appointees" was defined to include "any person who is a Presidential Appointee with Senate Confirmation (PAS), a Presidential

Legislative Affairs, Office of General Counsel, or Treasury Leadership Offices and (b) any of the White House Counsel staff listed below regarding congressional oversight of the executive branch—including both specific congressional oversight of specific matters and general policies, concerns, and considerations related to congressional oversight of the executive branch.

11.     The request listed 48 White House staffers[2] identified based on publicly available information.

12.     American Oversight requested all responsive records from September 1, 2018, through the date of the search.

13.     By letter dated July 3, 2019, Treasury acknowledged this request and assigned the request tracking number 2019-06-185.

14.     American Oversight has received no further communication from Treasury with respect to this request.

*Second Treasury White House Oversight Communications FOIA*

15.     On July 19, 2019, American Oversight submitted a FOIA request to Treasury seeking the following records:

Appointee (PA), a Non-career SES, any Schedule C employees, or any persons hired under Temporary Non-career SES Appointments, Limited Term SES Appointments, or Temporary Transitional Schedule C Appointments."

[2] Each of American Oversight's first requests to each Defendant identified the following individuals: 1) Don McGahn, 2) Pat Cipollone, 3) Stacy Amin, 4) Omeed Assefi, 5) Sue Bai, 6) Trent Benishek, 7) Ryan Brady, 8) Joseph Clark, 9) Devin DeBacker, 10) Uttam Dhillon, 11) Jennifer Dickey, 12) George "Jed" Doty, 13) Anne Donaldson, 14) John Eisenberg, 15) Michael Ellis, 16) Deirdre Eliot, 17) Dan Epstein, 18) Emmett Flood, 19) Joe Gammello, 20) Kevin Garvey, 21) Scott Gast, 22) Scott Glabe, 23) Chris Greico, 24) Mark Grider, 25) Steven Groves, 26) Eric Hamilton, 27) Tara Helfman, 28) David Jones, 29) Dino LaVerghetta, 30) Will Levi, 31) Robert Luther, 32) Jon "Tyler" McGaughey, 33) Steven Menashi, 34) Chad Mizelle, 35) John Moran, 36) David Morrell, 37) Claire Murray, 38) Brian Nieves, 39) Kevin O'Scannlain, 40) Stefan Passantino, 41) Patrick Philben, 42) Bethany Pickett, 43) Sam Ramer, 44) Sean Sandoloski, 45) Schuyler Schouten, 46) Kathryn Comerford Todd, 47) Michael Velchik, and 48) John Walk.

> All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, handwritten or electronic summaries of any oral communications, or other materials) between (a) political appointees* in the Department of the Treasury (Treasury) Office of Legislative Affairs, Office of General Counsel, or Treasury Leadership Offices and (b) any of the White House Counsel staff listed below regarding congressional oversight of the executive branch—including both specific congressional oversight of specific matters and general policies, concerns, and considerations related to congressional oversight of the executive branch.

16.     The request listed 16 White House staffers[3] identified based on recent publicly available information.

17.     American Oversight requested all responsive records from September 1, 2018, through the date the search is conducted.

18.     American Oversight has not received any communication from Treasury with respect to this request.

*First Commerce White House Oversight Communications FOIA*

19.     On June 24, 2019, American Oversight submitted a FOIA request to Commerce seeking the following:

> All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any

---

[3] Each of American Oversight's second requests to each Defendant identified the following individuals: 1) Brittany Biles, 2) Richard Cleary, 3) John Coghlan, 4) Christopher Cook, 5) Melissa Croslow, 6) Elizabeth Gorman, 7) Chase Harrington, 8) Elizabeth Horning, 9) Mark Lytle, 10) Coreen Mao, 11) Austin Mayron, 12) Brian Miller, 13) Michael Purpura, 14) Brian Rabbitt, 15) Mackenzie Siebert, and 16) Jeffrey Freeland.

oral communications, handwritten or electronic summaries of any oral communications, or other materials) between (a) political appointees* in the Department of Commerce (Commerce) Office of Legislative and Intergovernmental Affairs, Office of General Counsel, or Commerce Leadership Offices and (b) any of the White House Counsel staff listed below regarding congressional oversight of the executive branch—including both specific congressional oversight of specific matters and general policies, concerns, and considerations related to congressional oversight of the executive branch.

20.     The request listed 48 White House staffers identified based on publicly available information.

21.     American Oversight requested all responsive records from September 1, 2018, through the date of the search.

22.     Commerce assigned the request tracking number DOC-OS-2019-001629 through its online portal.

23.     American Oversight has not received any communication from Commerce with respect to this request.

*Second Commerce White House Oversight Communications FOIA*

24.     On July 19, 2019, American Oversight submitted a FOIA request to Commerce seeking the following records:

All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, handwritten or electronic summaries of any oral communications, or other materials) between (a) political appointees* in the Department of Commerce (Commerce) Office of Legislative and Intergovernmental Affairs, Office of General Counsel, or Commerce Leadership Offices and (b) any of the White House Counsel staff listed below regarding congressional oversight of the executive branch—including both specific congressional

6

oversight of specific matters and general policies, concerns, and considerations related to congressional oversight of the executive branch.

25.     The request listed 16 White House staffers identified based on recent publicly available information.

26.     American Oversight requested all responsive records from September 1, 2018, through the date the search is conducted.

27.     Commerce assigned the request tracking number DOC-OS-2019-001819 through its online portal.

28.     American Oversight has not received any communication from Commerce with respect to this request.

*First GSA White House Oversight Communications FOIA*

29.     On June 24, 2019, American Oversight submitted a FOIA request to GSA seeking the following:

> All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, handwritten or electronic summaries of any oral communications, or other materials) between (a) political appointees* in the General Services Administration (GSA) Office of Congressional and Intergovernmental Affairs, Office of General Counsel, or GSA Leadership Offices and (b) any of the White House Counsel staff listed below regarding congressional oversight of the executive branch—including both specific congressional oversight of specific matters and general policies, concerns, and considerations related to congressional oversight of the executive branch.

30.     The request listed 48 White House staffers identified based on publicly available information.

31.     American Oversight requested all responsive records from September 1, 2018, through the date the search is conducted.

32.     By letter dated July 5, 2019, GSA acknowledged American Oversight's request and assigned the request tracking number GSA-2019-001274.

33.     American. Oversight has not received any further communication from GSA with respect to this request.

*Second GSA White House Oversight Communications FOIA*

34.     On July 19, 2019, American Oversight submitted a FOIA request to GSA seeking the following records:

> All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, handwritten or electronic summaries of any oral communications, or other materials) between (a) political appointees* in the General Services Administration (GSA) Office of Congressional and Intergovernmental Affairs, Office of General Counsel, or GSA Leadership Offices and (b) any of the White House Counsel staff listed below regarding congressional oversight of the executive branch—including both specific congressional oversight of specific matters and general policies, concerns, and considerations related to congressional oversight of the executive branch.

35.     The request listed 16 White House staffers identified based on recent publicly available information.

36.     American Oversight requested all responsive records from September 1, 2018, through the date the search is conducted.

37.     By letter dated August 19, 2019, GSA acknowledged American Oversight's request and assigned the request tracking number GSA-2019-001382.

38.     American Oversight has not received any further communication from GSA with respect to this request.

*First HUD White House Oversight Communications FOIA*

39.     On June 24, 2019, American Oversight submitted a FOIA request to HUD seeking the following:

> All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, handwritten or electronic summaries of any oral communications, or other materials) between (a) political appointees* in the Department of Housing and Urban Development (HUD) Office of Congressional and Intergovernmental Relations, Office of General Counsel, or HUD Leadership Offices and (b) any of the White House Counsel staff listed below regarding congressional oversight of the executive branch—including both specific congressional oversight of specific matters and general policies, concerns, and considerations related to congressional oversight of the executive branch.

40.     The request listed 48 White House staffers identified based on publicly available information.

41.     American Oversight requested all responsive records from September 1, 2018, through the date the search is conducted.

42.     By letter dated June 29, 2019, HUD acknowledged American Oversight's request and assigned the request tracking number 19-FI-HQ-01441.

43.     On July 23, 2019 HUD asked American Oversight to provide phone numbers that could aid in the search for responsive phone call logs for this request and the Second HUD White House Oversight Communications FOIA below. The following day, American Oversight provided the publicly available initial six digits of White House office phone numbers to aid

HUD's search for responsive phone records.

44.     American Oversight has not received any further communication from HUD with respect to this request.

*Second HUD White House Oversight Communications FOIA*

45.     On July 19, 2019, American Oversight submitted a FOIA request to HUD with a typographic error, and sent a corrected a request on July 24, 2019, seeking the following records:

> All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, handwritten or electronic summaries of any oral communications, or other materials) between (a) political appointees* in the Department of Housing and Urban Development (HUD) Office of Congressional and Intergovernmental Relations, Office of General Counsel, or HUD Leadership Offices and (b) any of the White House Counsel staff listed below regarding congressional oversight of the executive branch—including both specific congressional oversight of specific matters and general policies, concerns, and considerations related to congressional oversight of the executive branch.

46.     The request listed 16 White House staffers identified based on recent publicly available information.

47.     American Oversight requested all responsive records from September 1, 2018, through the date the search is conducted.

48.     By letter dated July 23, 2019, HUD acknowledged American Oversight's request and assigned the request tracking number 19-FI-HQ-01596.

49.     American Oversight has not received any further communication from HUD with respect to this request.

*Exhaustion of Administrative Remedies*

50.     As of the date of this complaint, Defendants have failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

51.     Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

52.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

53.     American Oversight properly requested records within the possession, custody, and control of Defendants.

54.     Defendants are agencies subject to FOIA and must therefore make reasonable efforts to search for requested records.

55.     Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

56.     Defendants' failure to conduct adequate searches for responsive records violates FOIA and Defendants' regulations.

57.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

58.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

59.     American Oversight properly requested records within the possession, custody, and control of Defendants.

60.     Defendants are agencies subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

61.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

62.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

63.     Defendants' failure to provide all non-exempt responsive records violates FOIA and Defendants' regulations.

64.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated:  September 19, 2019

Respectfully submitted,

*/s/ Daniel A. McGrath*
Daniel A. McGrath
D.C. Bar No. 1531723

*/s/ Cerissa Cafasso*
Cerissa Cafasso
D.C. Bar No. 1011003

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-4213
daniel.mcgrath@americanoversight.org
cerissa.cafasso@americanoversight.org

*Counsel for Plaintiff*